■ MICHAEL GIANNONE, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Pino, J.), dated March 14, 1985, which, *inter alia,* granted the plaintiff's motion for leave to enter a default judgment, and denied the defendant's cross motion to dismiss the action.

Ordered that the order is reversed on the law, with costs, the plaintiff's motion is denied, the defendant's cross motion is granted, and the action is dismissed.

In this action by the plaintiff against the defendant Port Authority of New York and New Jersey, he seeks to recover damages for injuries he allegedly suffered on September 5,

1983, when he fell from a ladder on the defendant's premises. It is undisputed that a notice of claim was served on the defendant on October 11, 1983, and less than 60 days later, on November 22, 1983, this action was commenced by service of a summons and complaint.

The defendant, as an agency of the State of New York, enjoyed the same sovereign immunity as the State of New York when first created *(Trippe v Port of N. Y. Auth.,* 14 NY2d 119). By statute, however, the Legislature has consented to waive sovereign immunity and permit suits against the defendant (McKinney's Uncons Laws of NY § 7101; L 1950, ch 301, § 1). That waiver of immunity and consent to suits against the defendant, however, is predicated upon compliance with certain conditions. One of those conditions as set forth in McKinney's Unconsolidated Laws of NY § 7107 (L 1950, ch 301, § 7), is that "a notice of claim shall have been served upon the port authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced".

Compliance with this condition is mandatory and jurisdictional and the failure to satisfy this condition results in a withdrawal of consent and compels the dismissal of the action for lack of subject matter jurisdiction *(see, Luciano v Fanberg Realty Co.,* 102 AD2d 94). Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.