■ Lumbermens Mutual Casualty Company, as Subrogee of General Thermoforming Corporation, Respondent, v Port Authority of New York and New Jersey, Appellant, et al., Defendants.—In an action to recover for property damages, the defendant Port Authority of New York and New Jersey (hereinafter Port Authority) appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered December 22, 1986, which granted the plaintiff's motion for leave to serve a late notice of claim nunc pro tunc and denied the Port Authority's cross motion to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, the Port Authority's cross motion is granted, and the complaint is dismissed insofar as it is asserted against the Port Authority.

In this case it is undisputed that a notice of claim was

served on the Port Authority on October 6, 1986, and less than 60 days later, on November 21, 1986, this action was commenced by service of a summons and complaint. The Port Authority has waived immunity and consented to be sued only in the event that certain jurisdictional conditions precedent are performed *(see,* L 1950, ch 301, §§ 1-7; *Trippe v Port of N. Y. Auth.,* 14 NY2d 119, 123-124; *Savino v Demiglia,* 133 AD2d 389). Among these conditions is the requirement that "a notice of claim shall have been served upon the port authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced" (L 1950, ch 301, § 7).

Failure to satisfy this condition results in a withdrawal of consent and compels the dismissal of the action for lack of subject matter jurisdiction *(see, Giannone v Port Auth.,* 127 AD2d 818, 819: *Luciano v Fanberg Realty Co.,* 102 AD2d 94). Accordingly, the Port Authority's motion to dismiss the complaint insofar as it is asserted against it must be granted. Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.