Cecelia KYNE, Plaintiff,

v.

**CARL BEIBER BUS SERVICES, Carl R. Beiber, Inc., Beiber Bus Company, Eugene Mertz, and Port Authority of New York and New Jersey, Defendants.**

**No. 00 CIV. 3370(RMB).**

United States District Court, S.D. New York.

June 19, 2001.

Joel L. Pitman, Springfield, NJ, for plaintiff.

Angela Calamia, Port Authority of New York & New Jersey, New York City, Milton H. Pachter, New York City, for defendants.

## DECISION AND ORDER

BERMAN, District Judge.

### I. Background

Plaintiff Cecelia Kyne ("Plaintiff" or "Kyne") asserts, in a complaint filed May 3, 2000, and based upon "diversity jurisdiction" under 28 U.S.C. § 1332, that while she was at the Port Authority Bus Terminal in Manhattan on April 13, 1999, she sustained personal injuries arising from an alleged sexual assault by defendant Eugene Mertz ("Mertz"). Mertz was employed by Defendants Carl Beiber Bus Services, Carl R. Beieber, Inc., and Beiber Bus Company (collectively "Beiber"), and operated a bus owned by Beiber. Mertz allegedly invited Plaintiff into the bus he operated, and then forceably and against her will, performed sexual acts and other unlawful touchings upon her body. (Complaint ¶¶ 11–12). Plaintiff alleges that Beiber was negligent in the following manners: (1) Beiber permitted the sexual acts to take place upon its bus; (2) Beiber negligently hired Mertz; (3) Beiber negligently supervised Mertz; and (4) Beiber should have known of Mertz's tendencies and proclivities. (*Id.* ¶¶ 13–15). Plaintiff also alleges that Defendant Port Authority of New York and New Jersey ("Port Authority") was negligent and careless in not providing proper police protection, security, and other means and methods which would have prevented the aforesaid acts from occurring. (*Id.* ¶ 16). Kyne seeks compensatory and punitive damages against Mertz and Beiber. Kyne also seeks compensatory damages against the Port Authority.

By motion dated October 2, 2000, the Port Authority moved for summary judgment pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ.P.") 56 asserting that the Court lacks subject matter jurisdiction due to Kyne's failure to file a notice of claim ("Notice of Claim") at least 60 days prior to the commencement of the action as required under New York Unconsolidated Laws § 7101 (McKinney 1979) (" § 7101" or "Suability Statute").[1] In fact, Kyne served a Notice of Claim upon the Port Authority on April 4, 2000. On May 3, 2000, Kyne filed a summons and complaint with the clerk of this Court,

---

1. Section 7107 provides:

    The foregoing consent is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, pros-

    ecuted or maintained under the act, **a notice of claim shall have been served upon the port authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced.** The provisions of this section shall not apply to claims arising out of provisions of any workmen's compensation law of either state. (emphasis added).

and served said documents upon the Port Authority on May 22, 2000.[2] Kyne waited approximately 29 days rather than 60 days to commence her action after serving her Notice of Claim on the Port Authority, thus failing to comply with § 7107.[3] **For the reasons set forth below, the Port Authority's motion is granted.**

## II. Standard of Review

Summary judgment is appropriate when the submissions of the parties, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *American Casualty Co. of Reading, Pennsylvania v. Nordic Leasing, Inc.,* 42 F.3d 725, 728 (2d Cir. 1994). However, Fed.R.Civ.P. 56 jurisprudence is clear "that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushi-*

*ta Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. Analysis

■ A federal court sitting in diversity jurisdiction applies the law of the forum state, in this case New York.[4] *See Klaxon v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 497, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (cited in *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.,* 230 F.3d 549, 556 (2d Cir.2000)); *Erie R.R. v. Tompkins,* 304 U.S. 64, 74–77, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Federal courts apply the general rule that state notice of claim statutes apply to state law claims. *See Hardy v. New York City Health & Hospital Corp.,* 164 F.3d 789, 793 (2d Cir. 1999); *Felder v. Casey,* 487 U.S. 131, 151, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) ("federal courts entertaining state-law claims against ... municipalities are obligated to apply the [state] notice-of-claim provision"); *see also AT & T v. New York City Dep't of Human Resources,* 736 F.Supp. 496, 499 (S.D.N.Y.1990) ("Notice of claim requirements are construed strictly by New York state courts, and failure to abide by their terms mandates dismissal of the action.") (citing *Murray v. LeRoy Cent. Sch. Dist.,* 67 N.Y.2d 775, 500 N.Y.S.2d 643, 491 N.E.2d 1100 (1986); *Chinatown Apartments, Inc. v. New York City Transit Authority,* 100 A.D.2d 824,

---

2. There is no dispute as to the dates on which Plaintiff filed her Notice of Claim and commenced her action. "In federal court, the *filing* of the complaint commences civil actions." *South v. Saab Cars USA,* 28 F.3d 9, 12 (2d Cir.1994) (emphasis in original); *see also Martinez v. NYCPD Midtown–South 13th Precinct,* 1998 WL 13855 (S.D.N.Y. Jan.15, 1998) ("Rule 3 of the Federal Rules of Civil Procedure plainly states that (a) civil action is commenced by filing a complaint with the court.").

3. **In the "Argument of Plaintiff, Cecelia Kyne in Opposition to Motion For Summary Judgment by Defendant Port Authority of New York and New Jersey," dated November 21, 2000 ("Argument in Opposition"), Kyne concedes, "it would appear that the plaintiff, in fact, did not file a notice of claim at least sixty (60) days prior to the institution of suit against Port Authority in this matter."**

4. The parties in the instant matter do not dispute that New York law applies.

825, 474 N.Y.S.2d 763, 765 (1st Dep't 1984)).

The Port Authority argues that Plaintiff's failure to comply with the jurisdictional requirements of § 7107 deprives this Court of jurisdiction over Plaintiff's claims. (*See* "The Port Authority of New York and New Jersey's Memorandum of Law in Support of its Motion for Summary Judgment" at 1). Plaintiff counters that based on the case of *Recreation World, Inc. v. Port Authority of New York and New Jersey,* 1998 WL 107362 (S.D.N.Y. Mar.9, 1998), this Court should deny the Port Authority's motion for summary judgment and allow the case to continue. (*See* Argument in Opposition at 4).

Prior to the enactment of the Suability Statute, the Port Authority was immune from suit such as the case at bar unless it consented to suit. *See Trippe v. Port of N.Y. Auth.,* 14 N.Y.2d 119, 249 N.Y.S.2d 409, 198 N.E.2d 585 (1964). The Port Authority is a bi-state agency created through a compact between New Jersey and New York with the approval of Congress. Courts consistently have held that the Port Authority "enjoyed complete sovereign immunity from suits of any sort in the courts of those states." *Brooklyn Bridge Park Coalition v. Port Authority of New York and New Jersey,* 951 F.Supp. 383, 387 (E.D.N.Y.1997). In 1950, legislation was enacted by New York and New Jersey allowing suit against the Port Authority so long as the plaintiff complied with the jurisdictional prerequisites set forth in § 7107.[5]

■ The Court here concludes that because Kyne did not adhere to the 60 day requirement in § 7107, it does not have jurisdiction to hear her claims. "Compli-ance with the condition precedent in the statute of giving sixty days notice is mandatory and jurisdictional. The failure to satisfy this condition will result in withdrawal of defendant's consent to suit and compels the dismissal of the action for lack of subject matter jurisdiction." *Lyons v. Port Authority of New York and New Jersey,* 228 A.D.2d 250, 251, 643 N.Y.S.2d 571 (1996) (citing *Luciano v. Fanberg Realty,* 102 A.D.2d 94, 475 N.Y.S.2d 854 (1984); *Giannone v. Port Authority,* 127 A.D.2d 818, 511 N.Y.S.2d 940 (1987)); *see also Lumbermens Mut. Cas. Co. v. Port Authority of New York and New Jersey,* 137 A.D.2d 795, 525 N.Y.S.2d 342 (2d Dep't 1988) ("Failure to satisfy this condition results in a withdrawal of consent and compels the dismissal of the action for lack of subject matter jurisdiction."); *Giannone v. Port Auth.,* 127 A.D.2d 818, 511 N.Y.S.2d 940 (2d Dep't 1987) (holding that where an action was commenced less than 60 days after a notice of claim was served on the Port Authority, the action must be dismissed for lack of subject matter jurisdiction).

Kyne, in her Argument in Opposition, argues that *Recreation World,* 1998 WL 107362 controls here and that, the court in that case properly denied the Port Authority's motion for summary judgment. (Argument in Opposition at 1 and 4).

*Recreation World* is distinguishable from the case at bar. There, the court was concerned with a second action which was filed approximately 13 months after the filing of a notice of claim (in compliance with § 7107) and its relationship to a prior suit filed approximately one month before the notice of claim (and in violation of § 7107). These are hardly the facts presented here. Kyne further asserts

---

5. *See Matter of Welch v. State of New York,* 71 A.D.2d 494, 497, 423 N.Y.S.2d 102 (1979) ("A failure to file a notice in writing of intention to file a claim divests the Court of Claims of jurisdiction to hear and determine the claim against the State.").

that, if the Court dismissed her claim against the Port Authority and forced her to file a second complaint, that would "lead to an inefficient use of judicial resources and delay the commencement of the action." (Argument in Opposition at 3–4). Plaintiff asks the court "to do away with the **formality** of granting summary judgment in the instant case and requiring plaintiff to file a new complaint." (Argument in Opposition at 4) (emphasis added).

■ Plaintiff misses the jurisdictional point. Subject matter jurisdiction is not a "formality". *See Steel Co. v. Citizens For a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (citing *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)); *Noxon Chemical Products Co. v. Leckie*, 39 F.2d 318, 319–20 (3d Cir.1930) ("It is further stated that in a personal action, jurisdiction of the subject-matter and of the person are absolutely essential to the power of the court to decide a legal controversy. Unless both exist, it is the imperative duty of the court to decline to do more than ascertain and declare that it has no power to examine and decide the merits of the case.").

## V. Conclusion

For the reasons set forth above, the Port Authority's motion for summary judgment [18] is granted. The Clerk is respectfully requested to dismiss the complaint against the Port Authority.