■ EMANUEL OFULUE, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, et al., Defendants. [761 NYS2d 685] —In an action to recover damages for personal injuries, the defendant Port Authority of New York and New Jersey appeals from an order of the Supreme Court, Kings County (Garry, J.), dated July 9, 2002, which denied its motion pursuant to CPLR 3211 (a) (2) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Port Authority of New York and New Jersey, and the action against the remaining defendant is severed.

On November 7, 2000, the plaintiff allegedly was injured when he slipped and fell in a restroom at 5 World Trade Center which was owned by the defendant Port Authority of New York and New Jersey (hereinafter the Port Authority). On September 5, 2001, the plaintiff filed a notice of claim with the Port Authority, and then on October 12, 2001, filed a summons and complaint in Kings County. The Port Authority was served with the summons and complaint on November 5, 2001.

Unconsolidated Laws of NY § 7107 provides that in order to bring an action to recover damages for personal injuries against the Port Authority, a plaintiff must file a notice of claim at least 60 days before commencing an action. Since 1992, commencement of an action has been accomplished by filing the summons and complaint with the county clerk (*see* CPLR 304). Here, the plaintiff commenced this action on October 12, 2001, less than 60 days after he filed his notice of claim. Accordingly, the plaintiff failed to satisfy the condition precedent to bringing an action against the Port Authority as required by section 7107, and therefore, the Supreme Court had no subject matter jurisdiction (*see Lyons v Port Auth. of N.Y. & N.J.,* 228 AD2d 250 [1996]; *Lumbermens Mut. Cas. Co. v Port Auth. of N.Y. & N.J.,* 137 AD2d 796 [1988]; *Giannone v Port Auth. of N.Y. & N.J.,* 127 AD2d 818 [1987]). Consequently, the motion of the Port Authority to dismiss the complaint insofar as asserted against it should have been granted. Feuerstein, J.P., Krausman, Goldstein and Rivera, JJ., concur.