OPINION OF THE COURT
Martin Schneier, J.
On September 28, 2000, plaintiff filed suit against the defendants Towmasters of New Jersey (the original defendants), Richard Bittone and Richard E. Bittone, Jr. By notice dated October 30, 2000, the case was removed to the United States District Court on the basis of diversity of citizenship. On March 14, 2001, the original defendants filed a third-party complaint against the Port Authority of New York and New Jersey.
The plaintiffs subsequently moved to assert a direct claim against the Port Authority in a proposed amended complaint. The Port Authority opposed the motion on the grounds that the amendment would be futile because the proposed amendment would be barred by the statute of limitations and notice of claim provisions contained in section 7107 of McKinney’s Unconsolidated Laws of New York (L 1950, ch 301, § 7). The District Court ruled that section 7107 did not bar the suit, granted the plaintiffs’ motion to amend the complaint and remanded the case to this court on the grounds that complete diversity was destroyed (mem and order, 00-CV-6480, June 17, 2003).
The Port Authority now moves to dismiss the action on the grounds that, because the plaintiff failed to comply with section 7107, the court lacks subject matter jurisdiction. Plaintiffs argue that the “law of the case” doctrine bars this court from considering the issue. The Port Authority responds that subject matter jurisdiction is never waived and may be raised at any time (Editorial Photocolor Archives v Granger Collection, 61 NY2d 517 [1984]).
The law of the case doctrine is the principle that “a court should not ordinarily reconsider, disturb or overrule an order in the same action of another court of co-ordinate jurisdiction” (Matter of Dondi v Jones, 40 NY2d 8, 15 [1976]). The purpose of the doctrine is “to eliminate the inefficiency and disorder that would follow if courts of coordinate jurisdiction were free to overrule one another in an ongoing case” (People v Evans, 94 NY2d 499, 504 [2000]). This case offers an example of why the doctrine is necessary. Were this court to reach a different conclusion than the District Court, the plaintiff would be left with a judicially recognized claim, but no forum in which to try it. Thus, although the court agrees with the Port Authority that it *393 is appropriate to consider whether the court has subject matter jurisdiction, in making that determination the court finds that it is bound by the rulings of the District Court regarding the applicability of section 7107. Applying those rulings to this issue, the court finds that it has subject matter jurisdiction.
Accordingly, the motion to dismiss is denied.