■ ALBERTINO E. DA CRUZ et al., Respondents, v TOWMASTERS OF NEW JERSEY, INC., et al., Defendants, and PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. (And a Third-Party Action.) [804 NYS2d 359]—

In an action to recover damages for personal injuries, etc., the defendant Port Authority of New York and New Jersey appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated June 7, 2004, which denied its motion to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (2) insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

We agree with the contention of the defendant Port Authority of New York and New Jersey (hereinafter the Port Authority) that even if the Supreme Court was bound, pursuant to the doctrine of the "law of the case," by a prior determination in a related case made by a United States District Court (*see Da Cruz v Towmasters of N.J.*, 217 FRD 126 [2003]), this Court is not so bound (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Richter v Richter*, 156 AD2d 653 [1989]; *Zappolo v Putnam Hosp. Ctr.*, 117 AD2d 597 [1986]).

In addition, we also agree with the Port Authority's contention that the complaint should have been dismissed insofar as asserted against it based on the plaintiffs' failure to comply with a condition precedent to the maintenance of the suit by asserting the claims therein against it within one year of their accrual (*see* McKinney's Unconsolidated Laws of NY § 7107; *Campbell v City of New York*, 4 NY3d 200 [2005]; *Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375 [1999]; *Ofulue v Port Auth. of N.Y. & N.J.*, 307 AD2d 258 [2003]; *Lumbermens Mut. Cas. Co. v Port Auth. of N.Y. & N.J.*, 137 AD2d 795 [1988]; *Savino v Demiglia*, 133 AD2d 389 [1987]). The plaintiffs' reliance on the "relation-back" doctrine (*see* CPLR 203 [f]) to remedy their failure is misplaced (*see Yonkers Contr. Co. v Port Auth. of Trans-Hudson Corp., supra; Savino v Demiglia, supra; see also Astudillo v Port Auth. of N.Y. & N.J.*, 7 Misc 3d 1004A).

In light of our determination, we do not reach the Port Authority's remaining contention. Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur. [*See* 4 Misc 3d 391.]