Chief Judge Desmond.
The 809 plaintiffs are owners of residences in the vicinity of Kennedy (formerly Idlewild) International Airport in Queens County, Defendant Port Authority which operates the airport is a governmental agency of the States of New York and New Jersey (see Whalen v. Wagner, 4 N Y 2d 575). A number of airlines which use the airport are defendants, also, but on this appeal we are not concerned with the suit as against the airlines but with the complaint’s first cause of action which is asserted against the Authority alone.
Shortly stated, our question is: does the one-year statutory limitation on suits against the Authority (New York L. 1950, ch. 301, § 7, and New Jersey L. 1951, ch. 204) require the granting of the Authority’s motion to strike from the first count of the complaint all allegations relating to such or so much of plaintiffs’ claims for compensation for alleged taking of plaintiffs ’ properties as accrued more than one year before this action was brought?
Special Term granted the Authority’s motion to the extent of striking out those allegations only which complained of trespasses and nuisances committed before December 14, 1960—-that is, more than a year before suit was brought. The court’s holding was that as to trespass and nuisance claims the statutory one-year time limitation applied to toll the suit as against *123 the Authority. Special Term denied the motion as to the alleged takings of property before December 14, 1960, holding that there was no one-year or other time limit on a suit for the taking of private property by the Authority without compensation. The Appellate Division affirmed, its view being that the statute (N. Y. L. 1950, ch. 301, § 7) has nothing to do with suits for unlawful taking of property, and that suits therefor are subject to no time limitations except the 15-year prescription period of former section 37 of the Civil Practice Act.
We turn to the complaint. In substance, the first cause of action (with which we are dealing) says that beginning in 1947 and continuously thereafter airplanes using the airport made so much noise and flew so near plaintiffs’ houses as to deprive plaintiffs of the quiet use and enjoyment thereof, that plaintiffs’ properties through all that period have been used by the Authority as an approach area for planes with the result that the Authority, without taking any condemnation proceedings or paying any compensation, has not only been guilty of nuisances and trespasses but is chargeable with the illegal and noncompensated taking of plaintiffs’ properties.
We hold that the one-year limitation is mandatory as to all suits against the Port Authority. Until chapter 301 of the Laws of 1950 (and its New Jersey counterpart) came onto the statute books the Port Authority as a direct agency of the State of New York was, in the absence of any consent by the State, completely immune from suits of any sort (Pauchogue Land Corp. v. Long Is. State Park Comm., 243 N. Y. 15; Locke v. State of New York, 140 N. Y. 480; People ex rel. Palmer v. Travis, 223 N. Y. 150; Easley v. New York State Thruway Auth., 1 N Y 2d 374; Benz v. New York State Thruway Auth., 9 N Y 2d 486, cert. dsmd. 369 U. S. 147). There is of course a prohibition in our State Constitution (art. I, § 7) against the taking of private property for public use without compensation. But recognition of the validity of a claim and provision for its enforcement are two quite different things. “ A valid cause of action may exist but the state’s immunity prevents its enforcement ” (Buckles v. State of New York, 221 N. Y. 418, 423-424). The practice has been for the State to pass consent statutes (see historical survey in People ex rel. Palmer v. Travis, 223 N. Y. 150, supra), but it remains the law that although the State “ cannot take private *124 property, though for public use, without making just compensation therefor ” it or its agencies cannot without express consent by the State ‘ ‘ be sued directly, but its agents may be sued and enjoined ” (Coster v. Mayor of Albany, 43 N. Y. 399, 408; see, generally, People ex rel. Herrick v. Smith, 21 N. Y. 595). As recently as 1961 in Benz v. New York State Thruway Auth. (9 N Y 2d 486, 489, supra) we said as to the Thruway Authority that the Legislature ‘ ‘ ‘ could have forbidden suits to be maintained against the Authority in any court or tribunal ’ ” (see discussion of Benz in Matter of New York Post Corp. v. Moses, 10 N Y 2d 199). The right of the State to refuse its consent to the enforcement in court of a valid claim has been completely settled for many years (Danolds v. State of New York, 89 N. Y. 36; Quayle v. State of New York, 192 N. Y. 47; see Hans v. Louisiana, 134 U. S. 1; Palmer v. Ohio, 248 U. S. 32). And, since the State may decline to consent, its consent if given may be made contingent on a suit being brought or a demand being made within a reasonable time (Rexford v. Knight, 11 N. Y. 308; Gates v. State of New York, 128 N. Y. 221, 228; 1 Nichols, Law of Eminent Domain [3d ed.], § 4.102, pp. 323-324; see United States v. North Amer. Co., 253 U. S. 330, 333).
We come now to the core of plaintiffs’ argument. They find it necessary to read section 7 of article I of the New York Constitution not only as a mandate for payment but as a complete and self-executing authorization for suits against the State for property takings. It follows, they say, that chapter 301 of the Laws of 1950, since it contains a consent to suits as well as a time limitation thereon, could not have been intended by the Legislature to apply to suits against the State or its agencies for takings. In other words, the Constitution itself, they contend, sets up procedures for suits by citizens for property appropriations and chapter 301 of the Laws of 1950 must refer to something else. The first answer is found in the statute (ch. 301) itself. In its section 1 the statute gives New York’s consent to “ suits, actions or proceedings of any form or nature * * * against the Port of New York Authority ” and in section 7 limits that consent by stating that it is granted upon the condition that “ any suit, action or proceeding prosecuted or maintained under this act * * * be commenced within one year after the cause of action therefor shall have accrued The sweeping *125 coverage of chapter 301 simply makes impossible any exclusion therefrom of any particular kind of suits except those specifically excluded in other parts of chapter 301 (see Rao v. Port of N. Y. Auth., 122 F. Supp. 595, affd. 222 F. 2d 362, as to this statute’s being clear and unambiguous and requiring strict construction).
Plaintiffs’ argument from the State Constitution is a double one. First, plaintiffs say that subdivision (a) of section 7 of article I of the State Constitution is in itself not only a self-executing, complete and absolute guarantee of compensation but also a waiver of immunity or, rather, a recognition that there is no sovereign immunity from suit for such compensation.
The relevant part of section 7 of article I is in two parts. Subdivision (a) says that “ Private Property shall not be taken for public use without just compensation.” As we have fully demonstrated above, this states a liability but has nothing to do with enforcement of the claim or with sovereign immunity from suit, which are quite different things (Buckles v. State of New York, 221 N. Y. 418, 423, supra). Subdivision (b) of section 7 of article I of the State Constitution reads thus: ‘‘ When private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the state, shall be ascertained by a jury, or by the supreme court without a jury, but not with a referee other than an official referee, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law.” This language is on its face no more than a listing of the tribunals or agencies by which compensation is to be fixed. Consent to suit is not included and must be looked for elsewhere.
Plaintiffs insist that this provision (N. Y. Const., art. I, § 7, subd. [b]) was self-executing without any further prescription of procedures and that, therefore, when the Legislature passed the Port Authority Act the limitations in the new statute must have been intended to apply to causes of action other than for the taking of real property. The opposite of this was decided, just after the 1847 Constitution went into effect, in People ex rel. Dubois v. Supervisors of Ulster County (3 Barb. 334). The Dubois case says that article I (§ 7, subd. [b]) prescribes only the mode for fixing the compensation, that it contemplated legislation as to authorizing suits, etc., and that without such legis *126 lotion no suit for damages would lie. The constitutional language itself “as * * * prescribed by law ” bears this out. Indeed, the same point was disposed of in People v. Adirondack Ry. Co. (160 N. Y. 225, 237) where this court said that the subdivision (b) provision of section 7 of article I merely marked “ certain boundaries ” and that within those boundaries the “ method ”, etc., is up to the Legislature.
Plaintiffs argue that the time limitation and demand requirement of chapter 301 could not have been intended to apply to such a suit as this because those requirements are linked in the statute with a consent to suit. Therefore, say plaintiffs, the Legislature must have been talking about the kinds of actions as to which the Port Authority had immunity and thus not about suits for the taking of land. This, of course, goes back to the constitutional construction which we reject, that is, that the Constitution itself without saying so effectively waived immunity for the State and its agencies as to suits for such takings. Without such a statute complete immunity would exist. But, even if the Authority did not have immunity as to these suits before this statute was passed, the statutory consent to suits would merely have been unnecessary and confirmatory only and would not invalidate the legislative time limitation. In other words, the Port Authority was or was not immune from suit and recitals in this statute would not change it (see, as to a similar question regarding the Port Authority’s immunity from taxation, Bush Term. Co. v. City of New York, 282 N. Y. 306, 317 et seq.).
Plainly, the only question before us is the one decided by the Appellate Division and sent to us by that court’s grant of leave — that is, does the statute’s one-year time limitation for bringing suits against the Authority apply to the ‘ ‘ takings ’ ’ alleged in the first cause of action 1 Since that cause of action alleges that these things occurred continuously from and after 1947 until the bringing of suit in 1961, the Authority properly raised this issue of applicability of the one-year limitation by demanding (among other things) in its notice of motion and supporting papers that there be eliminated from the complaint all allegations as to wrongs committed prior to December, 1960.
Decision on this sole question does not require or permit us to go into other questions of evidence or damages. We are passing *127 only on the general and inclusive meaning of the statute as a Statute of Limitations. After the determination of this appeal there will probably remain in the case awaiting the trial a number of hard questions but there is no occasion for answering them on an appeal which brings before us no question other than the single and simple one: Is there applicable hereto the one-year time limitation of section 7 of chapter 301 of the Laws of 1950?
The Port Authority, therefore, was entitled to an order striking from the first cause of action all parts thereof which complain of wrongs allegedly committed more than a year before the action was commenced. In so deciding we pass on no other question and express no opinion as to the right of plaintiffs to recover on any theories of continuing or successive wrongs or increase of damages, etc.
The order should be reversed, with costs, the certified question answered in the negative and the case remitted to Special Term for further proceedings on the motion, not inconsistent herewith.