■ PATRICIA SAVINO et al., Respondents, v RAFAEL DEMIG-LIA et al., Defendants, and PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant.—In an action, *inter alia,* to recover damages for false arrest and malicious prosecution, the defendant Port Authority of New York and New Jersey (hereinafter the Port Authority) appeals from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated September 26, 1985, as denied its motion to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the action against the remaining defendants is severed.

The Port Authority has waived immunity and consented to be sued only in the event that certain jurisdictional conditions precedent are performed *(see,* L 1950, ch 301, §§ 1, 7; *Trippe v Port of N. Y. Auth.,* 14 NY2d 119, 123-124; *Luciano v Fanberg Realty Co.,* 102 AD2d 94, 95-96). In the event that these statutory conditions are not met, the Port Authority's consent to be sued is withheld *(Luciano v Fanberg Realty Co., supra,* at 96). Among these conditions precedent is that the action be commenced within one year after the cause of action has accrued (L 1950, ch 301, § 7). Because this one-year period in which to commence an action against the Port Authority constitutes a condition precedent rather than a mere Statute of Limitations *(see, Kahn v Trans World Airlines,* 82 AD2d 696, 699; *De Luca v New York City Tr. Auth.,* 119 Misc 2d 523; *see also, Giannone v Port Auth.,* 127 AD2d 818; *cf., S & J Deli v New York Prop. Ins. Underwriting Assn.,* 119 AD2d 652), that period cannot be extended by the toll contained in CPLR 203 (b) (5) *(see, De Luca v New York City Tr. Auth., supra; see also, Seguritan v Northwest Airlines,* 86 AD2d 658, 659; *affd* 57 NY2d 767).

In this case, it is undisputed that the cause of action accrued on November 29, 1983. On November 28, 1984, the plaintiffs served a copy of their summons on the County Clerk of Queens County, and the defendant Port Authority was served on January 24, 1985, almost 14 months after the cause of action had accrued. Thus, although the Port Authority was served within 60 days after service upon the County Clerk, the provisions of CPLR 203 (b) (5) had no effect upon the plaintiffs' failure to comply with the condition precedent *(see, Seguritan v Northwest Airlines, supra,* at 659) and did not serve to extend the time within which the plaintiffs were required to commence their action beyond one year (L 1950, ch 301, § 7; *De Luca v New York City Tr. Auth., supra).*

Accordingly, the Port Authority's motion to dismiss the complaint insofar as it is asserted against it must be granted. Bracken, J. P., Weinstein, Rubin and Harwood, JJ., concur.