■ PATRICIA SAVINO et al., Respondents, v RAFAEL DEMIGLIA et al., Defendants, and PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant.—Motion by the respondents for reargument of an appeal from an order of the Supreme Court, Queens County (Goldstein, J.), dated September 26, 1985, which was decided by decision and order of this court dated March 30, 1987. [128 AD2d 858.]

Upon the papers filed in support of the motion and no papers having been filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that, upon reargument, the decision and order of this court, dated March 30, 1987, is recalled and vacated, and the following decision and order is substituted therefor:

In an action, *inter alia,* to recover damages for false arrest

and malicious prosecution, the defendant Port Authority of New York and New Jersey (hereinafter the Port Authority) appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated September 26, 1985, as denied that portion of its motion which was to dismiss the first through sixth and thirteenth through fifteenth causes of action of the complaint and the State law allegations in the seventh through twelfth causes of action of the complaint insofar as they are asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted to the extent that the first through sixth and thirteenth through fifteenth causes of action of the complaint and the State law allegations in the seventh through twelfth causes of action of the complaint are dismissed insofar as they are asserted against the appellant.

The Port Authority has waived immunity and consented to be sued only in the event that certain jurisdictional conditions precedent are performed (see, L 1950, ch 301, §§ 1, 7; *Trippe v Port of N. Y. Auth.*, 14 NY2d 119, 123-124; *Luciano v Fanberg Realty Co.*, 102 AD2d 94, 95-96). In the event that these statutory conditions are not met, the Port Authority's consent to be sued is withheld (*Luciano v Fanberg Realty Co., supra*, at 96). Among these conditions precedent is that the action be commenced within one year after the cause of action has accrued (L 1950, ch 301, § 7). Because this one-year period in which to commence an action against the Port Authority constitutes a condition precedent rather than a mere Statute of Limitations (see, *Kahn v Trans World Airlines*, 82 AD2d 696, 699; *De Luca v New York City Tr. Auth.*, 119 Misc 2d 523; see also, *Giannone v Port Auth.*, 127 AD2d 818; cf., *S & J Deli v New York Prop. Ins. Underwriting Assn.*, 119 AD2d 652), that period cannot be extended by the toll contained in CPLR 203 (b) (5) (see, *De Luca v New York City Tr. Auth., supra;* see also, *Seguritan v Northwest Airlines*, 86 AD2d 658, 659, *affd* 57 NY2d 767).

In this case, it is undisputed that the causes of action accrued on November 29, 1983. On November 28, 1984, the plaintiffs served a copy of their summons on the County Clerk of Queens County, and the defendant Port Authority was served on January 24, 1985, almost 14 months after the cause of action had accrued. Thus, although the Port Authority was served within 60 days after service upon the County Clerk, the

provisions of CPLR 203 (b) (5) had no effect upon the plaintiffs' failure to comply with the condition precedent *(see, Seguritan v Northwest Airlines, supra,* at 659) and did not serve to extend the time within which the plaintiffs were required to commence their action, insofar as it is based on State law, beyond one year (L 1950, ch 301, § 7; *De Luca v New York City Tr. Auth., supra).*

The appellant concedes that the one-year condition precedent does not apply to so much of the complaint as alleges violations of 42 USC § 1983, and does not ask for dismissal of those portions of the complaint. Therefore, this court has only addressed the State law claims. Bracken, J. P., Weinstein, Rubin and Harwood, JJ., concur.