OPINION OF THE COURT
Paula J. Omansky, J.
Plaintiff was injured at the Port Authority Bus Terminal on *203 January 8, 1994. His notice of claim was served on defendant on November 4, 1994. His summons and complaint were filed on December 27, 1994 and served on the Port Authority the next day. Plaintiff’s counsel was first contacted by letter by defendant’s claims adjuster on December 19, 1994. Thereafter they discussed settlement of the claim on two occasions, though unsuccessfully.
Defendant Port Authority moves to dismiss the complaint on the ground that service of the summons and complaint did not comport with the statutory requirements in that suit was commenced less than 60 days after service of the notice of claim. McKinney’s Unconsolidated Laws of NY § 7107 provides in relevant part as follows: "The foregoing consent is granted upon the condition that any suit action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the port authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced.” Defendant argues that failure to comply strictly with the statutory terms amounts to a jurisdictional defect, resulting in the agency’s withdrawal of its consent to be sued and depriving the court of subject matter jurisdiction (see, Luciano v Fanberg Realty Co., 102 AD2d 94 [1st Dept 1984]; Lumbermens Mut. Cas. Co. v Port Auth., 137 AD2d 795 [2d Dept 1988]; Giannone v Port Auth., 127 AD2d 818 [2d Dept 1987]).
In Luciano v Fanberg Realty (supra), the accident occurred on August 31, 1981; the summons and complaint were served almost a year later, on August 27, 1982, without prior service of a notice of claim. The next day plaintiff moved for an order allowing her to file a notice of claim nunc pro tune, the granting of which was reversed.
In Giannone v Port Auth. (supra), the injury occurred on September 5, 1983; a notice of claim was served on the defendant on October 11, 1983, and less than 60 days later, on November 22, 1983, the action was commenced by service of a summons and complaint.
In neither Luciano nor Giannone (supra) could any creditable argument be made that plaintiff had substantially complied with the terms of the statute. However, the Luciano *204 Court did not reject outright a substantial compliance interpretation of section 7107. Rather, it distinguished two cases holding that substantial compliance with the statutory requirements was sufficient (Zamel v Port of N. Y. Auth., 56 NJ 1, 264 A2d 201 [1970]; Seaboard World Airlines v Port Auth., NYLJ, May 14, 1976, at 10, col 5 [App Term, 2d Dept]) on the ground that in the case then before it, plaintiff had not complied with any of the statutory requirements (Luciano v Fanberg Realty Co., 102 AD2d, at 97, n 2, supra).
If there is any vitality remaining in the doctrine that substantial compliance satisfies the requirements of section 7107, this case qualifies for its application. On November 4, 1994, plaintiff filed a notice of claim. On December 27, 1994, plaintiff filed suit — 6 days short of the minimum 60-day interval between filing the notice of claim and filing suit required by section 7107. Plaintiff was premature in filing suit, but still had time to satisfy the letter of the law by filing between January 4 and January 7, 1995. Plaintiff was not trying to circumvent the statutory time limitations. Defendant had adequate time for investigation, reasonable opportunity for the preparation of its defense, and reasonable opportunity to effect a settlement before the institution of suit (see, Zamel v Port of N. Y. Auth., 56 NJ, at 5, 264 A2d, at 203, supra). Even though he filed suit six days too early, plaintiff substantially complied with the requirements of McKinney’s Unconsolidated Laws of NY § 7107 because his time for strictly complying with the statute had not expired.
Defendant’s cross motion for an order pursuant to CPLR 305 (c) to amend the date of filing of the summons is denied as moot. Defendant’s cross motion for an order pursuant to CPLR 3025 Ob) for leave to serve an amended complaint in the form attached to the motion on defendant Port Authority and on new parties to be served, Dunn & Sons Maintenance Corp., ABC Maintenance Corp. (a fictitious corporation), XYZ Maintenance Co. (a fictitious company) and John Doe and for Jane Doe (fictitious individuals) is granted without opposition.