■ ROBERT T. LYONS, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [643 NYS2d 571]

Plaintiff allegedly slipped and fell in the Port Authority Bus Terminal on January 8, 1994. Plaintiff served a Notice of Claim upon defendant on November 4, 1994 and filed a summons and complaint 54 days later on December 27, 1994 and served it

upon the defendant one day after that. The IAS Court denied defendant's motion to dismiss, concluding that although plaintiff filed suit six days too early, he had substantially complied with the statute and defendant had an adequate time to investigate the claim and to effect a settlement before the suit was commenced. This conclusion was erroneous and, therefore, we reverse and grant defendant's motion to dismiss the action.

The consent of the defendant Port Authority to suit against it "is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the port authority by or on behalf of the plaintiff or plaintiffs at least sixty days *before* such suit, action or proceeding is commenced." (McKinney's Uncons Laws of NY § 7107 [L 1950, ch 301, § 7] [emphasis added].)

Compliance with the condition precedent in the statute of giving sixty days notice is mandatory and jurisdictional. The failure to satisfy this condition will result in withdrawal of defendant's consent to suit and compels the dismissal of the action for lack of subject matter jurisdiction (*Luciano v Fanberg Realty*, 102 AD2d 94; *Giannone v Port Auth.*, 127 AD2d 818). The fact that the Port Authority may not have been prejudiced by the plaintiff's failure to comply with the statute is immaterial, since the requirement is jurisdictional and must be strictly construed (*Luciano v Fanberg Realty, supra*, at 97-98). Concur— Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ. [*See*, 165 Misc 2d 202.]