OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this action to recover the sum of $1,302, plaintiff Port Authority of New York and New Jersey alleged that defendant had used its facilities, namely, various river crossings, without paying the required tolls. Defendant interposed various counterclaims, and plaintiff moved for summary judgment dismissing the counterclaims on the ground that a notice of claim in conformance with the requirements of McKinney’s Unconsolidated Laws of NY § 7108 (L 1950, ch 301 [Act], § 8, as amended) was not timely served upon it. Defendant cross-moved to dismiss the complaint pursuant to CPLR 3211.
The court below properly dismissed defendant’s counterclaims. The Port Authority is a direct agency of the two sovereign states of New York and New Jersey, and, as such, is absolutely immune from suit except upon such terms as the respective state legislatures have determined (see Trippe v Port of N.Y. Auth., 14 NY2d 119, 123 [1964]; Luciano v Fanberg Realty Co., 102 AD2d 94, 96 [1984]). The consent to suit embodied in the New York legislation is contingent upon compliance with the procedures and limitations set forth in the governing statutes, and, if these are not met, consent to suit is withheld, depriving the court of subject matter jurisdiction (Luciano v Fanberg Realty Co., 102 AD2d at 96).
The basic consent to suit and the requirements that must be met in order to institute an action against the Port Authority are set forth at McKinney’s Unconsolidated Laws of NY § 7101 et seq. McKinney’s Unconsolidated Laws of NY § 7107 (Act § 7) provides the conditions for suit:
“The foregoing consent is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition *38 that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the port authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced.”
McKinney’s Unconsolidated Laws of NY § 7108 further provides, in pertinent part, regarding such notices of claim:
“The notice of claim . . . shall be in writing, sworn to by or on behalf of the claimant or claimants, and shall set forth (1) the name and post office address of each claimant and of his attorney, if any, (2) the nature of the claim, (3) the time when, the place where and the manner in which the claim arose, and (4) the items of damage or injuries claimed to have been sustained so far as then practicable. Such notice may be served in the manner in which process may be served, or in lieu thereof, may be sent by registered mail to the port authority at its principal office.”
Defendant admitted that she did not comply with this provision, and her argument that a letter sent to the Port Authority, by regular mail, on August 30, 2005, constituted substantial compliance with the terms of the statute is without merit (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]). Failure to comply with the notice of claim requirement withdraws the consent to suit and, thus, deprives the court of subject matter jurisdiction (see Lyons v Port Auth. of N.Y. & N.J., 228 AD2d 250 [1996]). The court is without power to fashion a remedy based upon substantial compliance within an action over which it lacks subject matter jurisdiction. Only where a suability statute provides for consideration of substantial compliance may a court engage in such analysis (see e.g. General Municipal Law § 50-e). The Port Authority statute does not so provide. Where a notice of claim is required, this requirement extends to counterclaims, such as those interposed by defendant herein (see e.g. Village of Southampton v Platt, 55 AD2d 603 [1976], mod on other grounds 43 NY2d 848 [1978]). Thus, the court below properly dismissed the counterclaims for lack of subject matter jurisdiction.
The court also properly denied defendant’s cross motion to dismiss the complaint pursuant to CPLR 3211. The complaint states a cause of action, in that it alleges that defendant used plaintiffs crossing facilities without making payment, and that *39 payment of the tolls and. penalties was demanded, but was not made. In opposition to the motion, plaintiff introduced records through affidavits of employees of plaintiff and the contractor responsible for keeping certain of the records, both of whom had personal knowledge of the policies and procedures involved. These records support the allegations of the complaint and demonstrate the existence of a cause of action. Despite defendant’s efforts to turn the motion into one for summary judgment pursuant to CPLR 3211 (c), the court did not treat it as such. The court properly determined that a cause of action existed (see Rovello v Orofino Realty Co., 40 NY2d 633 [1976]).
Pesce, RJ., Weston Patterson and Golia, JJ., concur.