================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 185
In the Matter of New York City
Asbestos Litigation.

Mary Andrucki, &c. et al.,
       Appellants,
    v.
Aluminum Company of America,
et al.,
       Defendants,
Port Authority of New York and
New Jersey,
       Respondent.


Alani Golanski, for appellants.
Christian H. Gannon, for respondent.


SMITH, J.:

A statute requires anyone who brings a lawsuit against
the Port Authority of New York and New Jersey first to serve a
notice stating the nature of the claim.  We hold that under this

- 1 -

statute a notice of a claim for personal injuries is a sufficient notice of a claim for wrongful death, where the person injured dies of his injuries between the service of the notice of claim and the beginning of the lawsuit.

## I

The Port Authority was created in 1921 by a bi-state compact between New York and New Jersey.  As an agency of two sovereign states, it cannot be sued without a waiver of sovereign immunity.  Such a waiver was enacted by both states' legislatures in 1950.  The New York version of the legislation is found in sections 7101 through 7112 of the Unconsolidated Laws.

Unconsolidated Laws § 7101 says that consent to suit against the Port Authority is given by New York "[u]pon the concurrence of the state of New Jersey."  Sections 7102 through 7105 state exceptions to the consent that are not relevant here, and sections 7106 and 7107 state conditions to the consent.  The condition at issue in this case is in section 7107, which says in relevant part:

> "The foregoing consent is granted upon the
> condition that any suit, action or proceeding
> prosecuted or maintained under this act shall
> be commenced within one year after the cause
> of action therefor shall have accrued, and
> upon the further condition that in the case
> of any suit, action or proceeding for the
> recovery or payment of money, prosecuted or
> maintained under this act, a notice of claim
> shall have been served upon the port
> authority by or on behalf of the plaintiff or
> plaintiffs at least sixty days before such
> suit, action or proceeding is commenced"

(emphasis added).

The contents of a notice of claim are specified in section 7108:

> "The notice of claim required by section [7107] shall be in writing, sworn to by or on behalf of the claimant or claimants, and shall set forth (1) the name and post office address of each claimant and of his attorney, if any, (2) the nature of the claim, (3) the time when, the place where and the manner in which the claim arose, and (4) the items of damage or injuries claimed to have been sustained so far as then practicable."

## II

George Andrucki, a sheet metal worker, was exposed to asbestos in the course of work on a number of projects, including the construction of the Port Authority's World Trade Center in the early 1970s. Many years later, he was diagnosed with mesothelioma, allegedly a result of asbestos exposure. He received the diagnosis in late April of 2010, and it is undisputed that that is when Andrucki's claim against the Port Authority accrued.

On October 4, 2010, Andrucki and his wife served on the Port Authority a "Notice of Claim for Personal Injury from Asbestos." The notice briefly described Andrucki's exposure to asbestos, and said that he was suffering from malignant mesothelioma and that plaintiffs had incurred physical and emotional injuries, medical expenses and loss of companionship and consortium. The following day, the Andruckis filed a lawsuit naming 17 defendants, including the Port Authority. It is

undisputed that as to the Port Authority this October 5 filing was premature and may be treated as a nullity, because under Unconsolidated Laws § 7107 60 days must elapse between the notice of claim and the commencement of suit.

Andrucki died on November 27, 2010, and his widow became his administratrix. She did not serve a new notice of claim, but amended the existing complaint to substitute herself for her husband as a plaintiff. The amended complaint continued Andrucki's personal injury action, which became a so-called "survivorship" claim for damages incurred in his lifetime (see EPTL § 11-3.2 [b]), and added a claim for wrongful death. On January 18, 2011, Mrs. Andrucki filed a supplemental summons to add the Port Authority as a defendant in the lawsuit.

The Port Authority moved to dismiss the claims against it, asserting that plaintiffs (Mrs. Andrucki as administratrix and individually) had "failed to satisfy the conditions precedent" to the bringing of the action, "thus denying the Court subject matter jurisdiction." The motion had not been decided when the case came on for trial and the Port Authority, relying on its view that the court lacked jurisdiction, chose not to participate in the trial. After trial, Supreme Court denied the motion to dismiss and entered a default judgment against the Port Authority.

The Appellate Division reversed, holding that "plaintiffs should have served on the Port Authority a new notice

of claim concerning the wrongful death and survivorship actions"
(Matter of New York City Asbestos Litig., 106 AD3d 617, 619 [1st
Dept 2013]).  We granted leave to appeal (21 NY3d 865 [2013]) and
now reverse.

**III**

It is not disputed that the notice of claim at issue
here would have been valid as to a personal injury case filed in
Andrucki's lifetime.  The issue is whether Andrucki's death
required service of a new notice.  We hold that it did not.

A similar issue was presented in Holmes v City of New
York, 269 AD 95, aff'd without op 295 NY 615 [1945]), a case
involving a notice of a claim against the City of New York filed
pursuant to then Administrative Code of the City of New York §
394 a-1.0 (c).  In Holmes, the Appellate Division held that "an
administrator can have the benefit of a notice of claim and
intention to sue a municipality which was filed by his intestate
prior to her death" (269 AD at 96), and we affirmed.  The
Appellate Division reasoned that the wrongful death action was in
substance "a continuation of the original cause of action" for
personal injuries (269 AD at 98).  Plaintiffs assert that Holmes
controls this case.

The Port Authority asks us to distinguish Holmes on the
ground that the notice of claim requirement at issue here, unlike
the one in Holmes, is a condition attached to a waiver of
sovereign immunity.  Because the relevant statute limits the

jurisdiction of the courts, the Port Authority argues that the doctrine of "substantial compliance," which it says is the basis for the Holmes decision, may not be invoked.  Although the New Jersey Supreme Court, interpreting NJSA § 32:1-164, which is identical in wording to Unconsolidated Laws § 7108, has embraced the doctrine of substantial compliance (Zamel v Port of New York Authority, 56 NJ 1, 264 A2d 201 [1970]), the Port Authority says that New York courts take a stricter approach.  In response, plaintiffs argue that we should conform our interpretation to New Jersey's because the two states of which the Port Authority is an agency should interpret the statutes governing suits against the agency in the same way.

The Port Authority's argument finds some support in our decisions involving suits against the State under the Court of Claims Act.  We have repeatedly held that "[b]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Kolnacki v State of New York, 8 NY3d 277, 280 [2007], quoting Lichtenstein v State of New York, 93 NY2d 911, 913 [1999]; see also Lepkowski v State of New York, 1 NY3d 201, 206-207 [2003]), and earlier cases).  We do not retreat from these holdings; nor do we imply that we would necessarily adopt in every case against the Port Authority the "substantial compliance" approach of the New Jersey court in Zamel.  Plaintiffs are correct, however, in

saying that consistency between the two states' interpretations, where possible, is desirable, and we conclude that our precedents do not require us to hold this notice of claim insufficient.

Lepkowski and Kolnacki dismissed claims against the State for failure to comply with Court of Claims Act § 11 (b), which requires a claimant against the State to specify in a notice of claim the time and place where the claim arose, the items of damage or injuries allegedly sustained, and the total sum claimed (see Court of Claims Act § 11 [b] [2]-[5]).  The notices in those cases did not contain that information.  The claims in Lepkowski identified no specific times, places or amounts (see 1 NY3d at 207-208), and the Kolnacki claim was similarly deficient as to the amount; it alleged that "[t]he full extent of claimant's injuries [is] not yet known," and failed to provide "any estimate whatsoever" (see 8 NY3d at 279, 281).

Here, the relevant statutory requirements are that a notice must specify the claimant, the time and place where the claim arose, the nature of the claim, and "so far as then practicable" the items of damage or injuries sustained (see Unconsolidated Laws § 7108, quoted at page 3 above).  Those requirements were sufficiently met by the explanation in Andrucki's notice of claim that he had contracted malignant mesothelioma as a result of his exposure to asbestos on the World Trade Center site in the early 1970s, and suffered physical and emotional injuries and incurred medical expenses as a result.

This information was definite enough to fulfill the purpose of the notice of claim requirement: to allow the State to investigate the claim and to estimate its potential liability. It is hard to see how a later notice adding the information that the claimant had died of his disease could have been necessary to an investigation.

The Port Authority relies on the Appellate Division's decisions in Luciano v Fanberg Realty Co. (102 AD2d 94 [1st Dept 1984]) and Lyons v Port Authority of N.Y. & N.J., 228 AD2d 250 [1st Dept 1996]). We do not question the correctness of those decisions, but they do not support the Port Authority's position here. In both Luciano and Lyons, the plaintiffs had violated the time requirements of Unconsolidated Laws § 7107. In Luciano, the plaintiff had let the time for filing a notice of claim run, then brought a lawsuit and sought to file a notice of claim nunc pro tunc. In Lyons, the plaintiff failed to allow the required 60 days between the notice of claim and the commencement of the action. The time requirements that the plaintiffs in those cases ignored are the core of the statute. By contrast, the difference between a notice of claim labeled "personal injury" and one labeled "wrongful death" is, under the circumstances of this case, essentially a formality.

Accordingly, the order of the Appellate Division should be reversed with costs, and the case remitted to the Appellate Division for consideration of issues raised but not determined on

the appeal to that court.


\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order reversed, with costs, and case remitted to the Appellate
Division, First Department, for consideration of issues raised
but not determined on the appeal to that court.  Opinion by Judge
Smith.  Chief Judge Lippman and Judges Graffeo, Read, Pigott,
Rivera and Abdus-Salaam concur.


Decided November 20, 2014