(January 15, 2015)

■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. MARY ANDRUCKI, as Administratrix of the Estate of GEORGE P.

ANDRUCKI, Deceased, et al., Respondents, v ALUMINUM COMPANY OF AMERICA et al., Defendants, and PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [2 NYS3d 431]—

Upon remittitur from the Court of Appeals for consideration of issues raised but not determined on appeal to this Court (24 NY3d 275 [2014]) judgment, Supreme Court, New York County (Martin Shulman, J.), entered January 30, 2012, awarding plaintiffs damages, unanimously affirmed, without costs.

This matter was joined for trial with several other mesothelioma actions and scheduled for trial on July 11, 2011. By order to show cause and emergency application dated July 11, 2011, defendant Port Authority of New York and New Jersey sought summary judgment dismissing all the claims and cross claims against it, arguing that plaintiffs had failed to fulfill the conditions precedent to bringing the action because they did not serve a new notice of claim upon the Port Authority when plaintiff's decedent died. As a result, the Port Authority asserted, the court lacked subject matter jurisdiction.

Jury selection proceeded as scheduled and the trial began on July 26, 2011. However, the Port Authority did not appear because its summary judgment motion was still pending and it believed that the court lacked subject matter jurisdiction.

On September 7, 2011, Supreme Court denied the Port Authority's motion for summary judgment, finding that plaintiffs had complied with all the necessary conditions precedent to suit and that the court thus had proper subject matter jurisdiction over the Port Authority. Further, the court found that the Port Authority had not interposed an answer to the amended complaint and was therefore in default.

In August 2011, plaintiffs moved for a default judgment and assessment of damages against the Port Authority. In so doing, plaintiffs asked the court to rely on the testimony already in the record. The trial court granted the motion, finding, among other things, that the Port Authority's failure to appear at trial was a sufficient ground for a default judgment. The Clerk entered judgment in plaintiffs' favor and against the Port Authority in the amount of $2,500,000 plus interest.

On a prior appeal, we reversed, vacated the judgment, denied plaintiff's motion for a default judgment against the Port Authority, and dismissed the complaint, finding that, in fact, the trial court lacked subject matter jurisdiction because the

death of plaintiff's decedent required service of a new notice of claim upon the Port Authority (106 AD3d 617 [2013]). The Court of Appeals reversed our order and remitted the case to this Court "for consideration of issues raised but not determined" (24 NY3d 275, 282).

The trial court properly awarded damages to plaintiffs without the benefit of an inquest. Under CPLR 3215 (b), the trial court is permitted to make an assessment of damages without a jury, and although a defaulting defendant is ordinarily entitled to participate in an inquest on damages, a court may, under CPLR 3215 (g) (1), "dispense with the requirement of notice when a defendant who has appeared has failed to proceed to trial of an action reached and called for trial." Concur— Mazzarelli, J.P., Saxe, Moskowitz and Manzanet-Daniels, JJ.