McKenzie v Port Auth. of N.Y. & N.J. (2022 NY Slip Op 00378)





McKenzie v Port Auth. of N.Y. & N.J.


2022 NY Slip Op 00378


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 24832/20E, 43488/20E Appeal No. 14706 Case No. 2021-03034 

[*1]Roy McKenzie, Plaintiff-Respondent,
v
Port Authority of New York and New Jersey, Defendant-Appellant, JCM Business Solutions LLC et al., Defendants. [And a Third-Party Action.]


Varvaro, Cotter & Bender, White Plains (Rose M. Cotter of counsel), for appellants.
Gruenberg Kelly Della, Ronkonkoma (Zachary M. Beriloff of counsel), for respondent.



Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about February 4, 2021, which denied the motion of defendant Port Authority of New York and New Jersey to dismiss the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against the Port Authority.
A condition precedent to suit against the Port Authority is that the action be commenced within one year of the accrual of the cause of action (McKinney's Unconsolidated Laws of NY § 7107 [L 1950, ch 301, § 7]; NJ Stat Ann § 32:1-163; see Trippe v Port of N.Y. Auth. , 14 NY2d 119, 123 [1964]). Thus, dismissal of the complaint as against the Port Authority for lack of subject matter jurisdiction is required, since plaintiff's accident occurred on March 1, 2019, but he did not commence this action until May 29, 2020 (see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp. , 93 NY2d 375, 378-379 [1999]; Luciano v Fanberg Realty Co. , 102 AD2d 94, 96 [1st Dept 1984]).
Contrary to plaintiff's contention, neither CPLR 217-a nor New York Unconsolidated Laws § 6412-a — both of which were enacted as part of the Uniform Notice of Claim Act (L 2012, ch 500, as amended by L 2013, ch 24) — extends the time in which an action may be commenced against the Port Authority. CPLR 217-a does not apply to the Port Authority because it is not a "political subdivision of the state, . . . instrumentality or agency of the state or a political subdivision, . . . public authority[,] or . . . public benefit corporation entitled to receive a notice of claim as a condition precedent to commencement of an action" within the meaning of the statute; rather, it is a bistate agency (Luciano , 102 AD2d at 97; see also DiBenedetto v Port Auth. of N.Y. & N.J. , 2020 NY Slip Op 32964[U], *3 [Sup Ct, NY County 2020]). What is more, New Jersey has not enacted identical legislation (see Uniform Notice of Claim Act, L 2012, ch 500, § 79, as amended by L 2013, ch 24), and bistate entities created by compact are not subject to the unilateral control of any one state (Hess v Port Auth. Trans-Hudson Corp. , 513 US 30, 42 [1994]; see Uncons Laws § 6408 [L 1921, ch 154, § 1]; NJ Stat Ann § 32:1-8; see also Sullivan v Port Auth. of N.Y. & N.J. , 449 NJ Super 276, 284-285 [App Div 2017], cert denied 232 NJ 282 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022