Tutor Perini Bldg. Corp. v Port Auth. of N.Y. & N.J. (2023 NY Slip Op 05702)

Tutor Perini Bldg. Corp. v Port Auth. of N.Y. & N.J.

2023 NY Slip Op 05702

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Index No. 156211/18 Appeal No. 792 Case No. 2022-01847 

[*1]Tutor Perini Building Corp., Plaintiff-Appellant,
v
The Port Authority of New York and New Jersey, Defendant-Respondent.

Sheppard Mullin, Richter & Hampton LLP, New York (Emily D. Anderson of counsel), and Nida & Romyn, P.C., Los Angeles, CA (David C. Romyn of the bar of the State of California, admitted pro hac vic, of counsel), for appellant.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Patrick G. Rideout of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered April 11, 2022, which granted defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, unanimously affirmed, without costs.
Supreme Court correctly dismissed the action based on plaintiff's failure to comply with the notice of claim requirements in McKinney's Unconsolidated Laws of NY § 7107.[FN1] Plaintiff's failure to comply with the conditions precedent in Section 7107 results in the withdrawal of the Port Authority's consent to suit, thereby depriving the court of subject matter jurisdiction (see Lyons v Port Auth. of N.Y. & N.J., 228 AD2d 250, 251 [1st Dept 1996]; Luciano v Fanberg Realty Co., 102 AD2d 94, 96 [1st Dept 1984]).
Plaintiff acknowledges that the failure to comply with the statute results in the withdrawal of the Port Authority's consent to suit. However, it maintains that the consequence of such withdrawal does not necessarily compel the dismissal of the action. Rather, plaintiff argues that the withdrawal of consent merely results in the "restoration of Port Authority's defense of sovereign immunity." Plaintiff goes on to reason that, because sovereign immunity implicates the court's personal jurisdiction, the Port Authority can inadvertently waive the defense through its litigation conduct, including its failure to "timely assert the defense before making a general appearance in litigation against it," as plaintiff maintains happened here.
Plaintiff's arguments are unavailing. Plaintiff's contention that noncompliance with the statute merely results in the restoration of sovereign immunity requires us to impermissibly "construe the statute out of existence" (Bronold v Engler, 121 App Div 123, 126 [4th Dept 1907], affd 194 NY 323 [1909]). Plaintiff's reading of the statute would wrongly permit a plaintiff to "ignore the legislative mandate making a timely notice of claim a condition precedent to suit" (Luciano, 102 AD2d at 99), including the "time requirements" that are at "the core of the statute" (Matter of New York City Asbestos Litig., 24 NY3d 275, 282 [2014]).
Because compliance with the statute is not optional, plaintiff's attempt to shift focus to the Port Authority's waiver of sovereign immunity through the "actions it took in defense of this lawsuit" necessarily fails. The statute looks only to the actions taken by plaintiff to satisfy the conditions precedent to suit. The actions taken by the Port Authority in defense of the suit are utterly irrelevant to this inquiry. Consequently, the jurisdictional defect here implicates the court's subject matter jurisdiction, not its personal jurisdiction.
Plaintiff's contention that it had substantially complied with the statute is also unavailing. Although the Court of Appeals has recognized that a plaintiff can substantially comply with the statute in an appropriate case (see Matter of New York City Asbestos Litig., 24 NY3d at 282), plaintiff has not done so here. Plaintiff relies [*2]on its April 28, 2015, unsworn notice of claim emailed to nonparty developer George Washington Bridge Bus Station Development Venture, LLC (which was cc'ed to the Port Authority). However, the notice, which accuses the developer of a breach, fails to give the Port Authority a notice of claim that satisfies the content and service requirements specified in section 7108. Plaintiff's argument that the notice provided defendant with actual knowledge of the underlying facts is misplaced because "[w]hat satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of the claim" (Luciano, 102 AD2d at 98 [brackets and internal quotation marks omitted]).
In view of the foregoing, we need not reach the issue of when plaintiff's unjust enrichment claim accrued. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: November 14, 2023

Footnotes

Footnote 1:New York consented to suits against the Port Authority of New York and New Jersey (the Port Authority) in Sections 7101 through 7112 of McKinney's Unconsolidated Laws of NY (L 1950, ch 301, §§ 1-12). Section 7107 grants consent to sue upon the condition that "a notice of claim shall have been served on the port authority . . . at least sixty days before such suit, action or proceeding is commenced" and upon the condition that such suit, action, or proceeding "shall be commenced within one year after the cause of action therefor shall have accrued." Section 7108 specifies the requisite content of the notice of claim and the methods for serving it.