## Vogelman v Modern Facility Servs., Inc.

2024 NY Slip Op 33056(U)

August 29, 2024

Supreme Court, New York County

Docket Number: Index No. 159380/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. MARY V. ROSADO</u>

*Justice*

PART        **33M**

-------------------------------------------------------------------X

MATTHEW VOGELMAN,

            Plaintiff,

- v -

MODERN FACILITY SERVICES, INC.,MODERN FACILITY SERVICES, INC.,TRI-B INDUSTRIES CORPORATION, MOSES MARX C/O BRAUN MANAGEMENT INC.,DAROR ASSOCIATES, LLC,T.U.C.S. CLEANING SERVICE, INC.,JOHN DOE,

            Defendant.

-------------------------------------------------------------------X

MOSES MARX C/O BRAUN MANAGEMENT INC., DAROR ASSOCIATES, LLC

            Plaintiff,

-against-

PORT AUTHORITY OF NEW YORK & NEW JERSEY

            Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159380/2022 |
| MOTION DATE | 09/14/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 596127/2023

The following e-filed documents, listed by NYSCEF document number (Motion 003) 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76

were read on this motion to/for          <u>       DISMISS       </u>.

Upon the foregoing documents, Third-Party Defendant Port Authority of New York & New Jersey's ("Port Authority") motion to dismiss Defendants/Third-Party Plaintiffs Moses Marx C/O Braun Management Inc. and Daror Associates, LLC (collectively "Third-Party Plaintiffs") based on lack of jurisdiction is granted, and the Third-Party Complaint is dismissed without prejudice.

This is an action for personal injuries arising from Plaintiff Matthew Vogelman's ("Plaintiff") alleged fall on March 19, 2020 (*see generally* NYSCEF Doc. 1). Plaintiff was an employee of Third-Party Defendant Port Authority at the time of his fall (*id.* at ¶ 71).

[* 1]

Third-Party Plaintiffs initiated a third-party action against Port Authority on December 20, 2023 (NYSCEF Doc. 46). Port Authority alleged lease a portion of the premises where Plaintiff fell from the Third-Party Plaintiffs. Third-Party Plaintiffs now seek contractual indemnification from Port Authority and allege breach of contract for failure to procure insurance.

Port Authority moves to dismiss the Third-Party Complaint because Third-Party Plaintiffs failed to follow the procedure mandated by § 7107 of the Unconsolidated Laws. Specifically, Third-Party Plaintiffs commenced this action despite failing to file a notice of claim. Port Authority argues that failure to follow § 7107 divests this Court of jurisdiction and requires dismissal.

Third-Party Plaintiffs oppose and argue they are not required to file a notice of claim prior to filing the Third-Party Summons and Complaint. They argue because their claim for indemnity has not yet accrued, they are not required to follow § 7107 of the Unconsolidated Laws. Third-Party Plaintiffs argue that if the Court dismisses the Third-Party Complaint, it should be without prejudice, as they still have time under the statute to serve timely a notice of claim and recommence a Third-Party action.

In reply, Port Authority argues the notice of claim requirement is tied to the date of commencement of an action, not accrual of a claim. Port Authority also argues that Third-Party Plaintiffs rely solely on non-binding trial court decisions from outside the First Department to oppose dismissal.

Pursuant to § 7107, prior to commencing a lawsuit against Port Authority, a plaintiff must submit a notice of claim and allow sixty days to lapse prior to commencing suit. As stated by the First Department:

> "[c]ompliance with the condition precedent in the statute of giving sixty days' notice is mandatory and jurisdictional. The failure to satisfy this condition will result in withdrawal of defendant's consent to suit and compels the dismissal of the action for lack of subject matter jurisdiction....The fact that the Port Authority may

**159380/2022   VOGELMAN, MATTHEW vs. MODERN FACILITY SERVICES, INC., ET AL**
**Motion No.  003**

**Page 2 of 4**

2 of 4

[* 2]

not have been prejudiced by the plaintiff's failure to comply with the statute is immaterial, since the requirement is jurisdictional and must be strictly construed"(*Lyons v Port Auth. of N.Y. & N.J.*, 228 AD2d 250, 251 [1st Dept 1996] citing *Luciano v Fanberg Realty*, 102 AD2d 94 [1st Dept 1984]).

The First Department's holding in *Lyons* was re-affirmed by the First Department just last year in *Tutor Perini Building Corp. v Port Auth. Of N.Y & N.J.*, 221 AD3d 471 (1st Dept 2023). Nowhere in the statute is it written that a third-party plaintiff need not comply with § 7107 simply because they are filing a third-party action asserting an indemnification claim that has not yet accrued. This Court is without authority to read into the statute unwritten exceptions, especially given the First Department's holding that compliance with the notice requirements "must be strictly construed."

However, as dismissal here is based solely on a technicality, and the claim for indemnity has not yet accrued, dismissal is without prejudice. Third-Party Plaintiffs still have time to cure their technical defaults, and upon doing so in a timely manner, may reassert their claims against Port Authority.

Accordingly, it is hereby,

ORDERED that Third-Party Defendant of New York & New Jersey's motion to dismiss the Third-Party Complaint is granted, and the Third-Party Complaint is dismissed without prejudice; and it is further

ORDERED that upon timely compliance with § 7107, Third-Party Plaintiffs may reassert their claims against Port Authority; and it is further

ORDERED that the remaining parties are directed to meet and confer and submit a proposed preliminary conference order to the Court on or before September 23, 2024 via e-mail to SFC-Part33-Clerk@nycourts.gov. In the event the parties are unable to agree to a proposed preliminary conference order, they are directed to appear for an in-person preliminary conference

**159380/2022   VOGELMAN, MATTHEW vs. MODERN FACILITY SERVICES, INC., ET AL**      **Page 3 of 4**
**Motion No.  003**

on September 25, 2024 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York to enter into a preliminary conference; and it is further

ORDERED that within ten days of entry, counsel for Third-Party Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 8/29/2024 | | _May V Rosad JSC_ |
|-----------|---|----------------------|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | **x** | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|-----------------------|---|---|
| | **x** | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

**159380/2022   VOGELMAN, MATTHEW vs. MODERN FACILITY SERVICES, INC., ET AL**
**Motion No.  003**                                                                                    **Page 4 of 4**

4 of 4