■ HYGRADE PRINTING CORPORATION, Appellant-Respondent, v FRIDEN, INC., a Division of Singer Company, Respondent-Appellant.—Judgment, Supreme Court, New York County, entered on October 29, 1974, unanimously affirmed for the reasons stated by Stecher, J., at Trial Term, without costs and without disbursements. Concur—Murphy, J. P., Birns, Silverman, Capozzoli and Nunez, JJ.

■ ARDSLEY CONSTRUCTION Co., INC., et al., Respondents, v PORT OF NEW YORK AUTHORITY, Appellant.—Order, Supreme Court, New York County, entered July 30, 1975, unanimously affirmed, without costs and without disbursements. Appeal from order entered October 1, 1975, dismissed as academic, without costs and without disbursements. We do not agree with appellant that the two causes of action alleged by respondent did not accrue within the statutory period of limitation (L 1950, ch 301, § 7). Although the letter from respondent's subcontractor outlining the difficulty in properly rehabilitating appellant's bridge was dated November 15, 1966, and suit was not instituted until December 28, 1967, nevertheless it was not until June 13, 1967, as the court below observed, that plaintiff claimed to have "learned for the first time of defendant's alleged fraudulent concealment of pertinent documents which would have shown the true condition of the bridge structure". Moreover, under the contract between the parties, plaintiff was not entitled to payment for extras until appellant's engineer issued a certification as to the total amount of compensation due respondent. Accordingly, the court below correctly determined that the accrual of this cause of action rested upon the refusal of the engineer on June 13, 1967 to certify that plaintiff was entitled to payment for said extras. Concur— Markewich, J. P., Kupferman, Lupiano, Birns and Capozzoli, JJ.