Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about August 25, 2014, which granted defendant’s motion to dismiss the complaint for lack of subject matter jurisdiction, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about February 23, 2015, which, insofar as appealed from, denied plaintiff’s purported motion to renew, unanimously dismissed, without costs, as taken from a nonappealable order.
The National September 11 Memorial and Museum at the World Trade Center Foundation, Inc. (National Memorial) is responsible for designing, operating, and maintaining the World Trade Center Memorial, the Memorial Museum, and the Museum Pavilion. National Memorial hired Bovis Lend Lease (US) Construction LMB, Inc. (Lend Lease) as its construction manager in connection with the construction of the various 9/11 memorial sites.
National Memorial, through Lend Lease, entered into a contract with plaintiff W&W Steel, LLC, dated October 30, 2009, in which W&W agreed to furnish and install the structural steel for the Museum Pavilion for the amount of $7,289,240, subject to additions and deductions for changes and extra work. The contract provided that W&W would commence work on September 1, 2009; construction was to begin on March 16, 2010 and was to be completed, with certain stated exceptions, within 80 consecutive working days.
Months later, in an assignment agreement dated as of October 30, 2009, National Memorial assigned to defendant the Port Authority all of its rights and obligations under the contract; both the Port Authority and W&W Steel signed the *479 assignment agreement in March 2010. The assignment provided that, in the event of a dispute, the parties would resort to the dispute resolution mechanisms set forth in the contract. Article 28 of the contract, in turn, outlined the dispute resolution process, providing that the parties were to try “through their respective Project level representatives” to reach “an amicable settlement” of any dispute. If the parties were unable to reach a settlement, the dispute was to be submitted to “responsible senior management of each party who [were] not directly involved” with the contract, who were obliged to attempt to resolve the dispute within 60 days. If attempt at resolution also failed, the parties were required to authorize a senior employee designated by National Memorial (or, postas-signment, by defendant the Port Authority) to arbitrate a resolution. Moreover, the resolution was subject to “de novo review in a court of competent jurisdiction” after substantial completion of the project. The assignment did not contain any provision, express or otherwise, regarding waiver of sovereign immunity.
W&W alleges that it was directed to perform numerous changes and additions to its scope of work. W&W further alleges that, during the course of the project, the Port Authority actively and unreasonably delayed W&W in the performance and completion of its work, and as a result, W&W’s labor force had to remain on site for 195 calendar days longer than bid and planned.
As required by article 19 of the contract, W&W submitted for approval a number of “change orders” reflecting additional charges for uncontracted-for work. W&W alleges that the Port Authority approved change orders totaling $5,014,744 (of which $2,613,475 remains unpaid) and failed to process another $1,151,227 in pending change order requests, for a total of $3,764,702 in unpaid costs.
W&W claims that it sought to resolve its dispute over the change orders with the Port Authority at the project and senior management levels. W&W then requested on at least three occasions, in February through May 2011, that the Port Authority submit the claims to a designated arbitrator for decision; however, the Port Authority did not do so. Further, on January 11, 2012, W&W submitted a request for an equitable adjustment change order seeking $4,791,146 in additional costs not included in the change orders, but the Port Authority did not respond.
On or about March 30, 2012, W&W commenced a suit against the Port Authority and others (index No. 651025/12) (the first *480 W&W action), alleging claims for breach of contract, unjust enrichment, and quantum meruit. On November 27, 2012, the IAS court granted the Port Authority’s motion to dismiss the first W&W action, rejecting W&W’s argument that the various letters it had sent to the Port Authority constituted a notice of claim, and also rejecting W&W’s argument that the Port Authority should be estopped from invoking statutory notice requirements as a result of its conduct.
On November 30, 2012, W&W served the Port Authority with a notice of claim, detailing a claim for approximately $8.6 million. On December 14, 2012, W&W re-served the Port Authority with a revised notice of claim. Both versions of the notice of claim stated that construction was “delayed until June 4, 2010, and substantial completion was not achieved until April 4, 2011.”
On February 19, 2013, W&W moved to amend the complaint in the first W&W action to reassert claims against the Port Authority. The Port Authority opposed, arguing that the notice of claim was improper because W&W had not served it before commencing the action. The Port Authority also argued that W&W’s claims were barred by the one-year limitations period set forth in section 7107 of McKinney’s Unconsolidated Laws of New York (L 1950, ch 301, § 7).
On March 14, 2013, before the court had decided W&W’s motion to amend in the first W&W action, W&W filed a summons with notice in this action (index No. 650913/13). On or about April 10, 2013, the parties entered a stipulation in the first W&W action withdrawing W&W’s motion to amend its pleading.
On May 29, 2013 — more than 60 days after serving its notice of claim — W&W filed the verified complaint in this action. As in the first W&W action, W&W brought claims against the Port Authority for breach of contract, unjust enrichment, and quantum meruit, and added a claim for violation of State Finance Law § 139-f. W&W sought damages in the amount of $8,555,848.
The Port Authority moved under CPLR 3211 (a) (2) to dismiss this action for lack of subject matter jurisdiction. The Port Authority argued that W&W’s claims accrued “sometime in 2011,” as W&W’s work was substantially completed on April 4, 2011 and it began complaining about costs and delays even before that; accordingly, the Port Authority argued, no part of W&W’s claims accrued within one year before the action was commenced in March 2013. Thus, the Port Authority maintained, W&W failed to comply with the condition precedent to *481 suit contained in McKinney’s Unconsolidated Laws of NY § 7107.
The IAS court granted the Port Authority’s motion. Citing Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp. (93 NY2d 375 [1999]), the IAS court held that “[t]he requirement to bring an action [against the Port Authority] within one year . . . [is] a condition precedent to suit, which cannot be tolled.” The court rejected W&W’s argument that its cause of action “did not accrue until the Port Authority breached the contract by refusing to issue payments for change orders or to accept W&W’s Request for Equitable Adjustment,” finding that W&W’s argument was “belied by the complaints it filed in this action and the [first W&W] [a]ction,” which W&W had filed more than a year earlier. The court also rejected W&W’s estop-pel argument on the grounds that it was raised and rejected in the first W&W action, and that W&W could not argue that it was prevented from timely commencing litigation when it had timely commenced the first W&W action.
By notice dated September 22, 2014, W&W moved under CPLR 2221 to reargue or renew, advancing three arguments. First, W&W argued that the court had misapprehended facts establishing that W&W’s cause of action accrued on or after September 17, 2012. Second, W&W argued that the court had misapprehended the factual importance of the assignment. Third and finally, W&W argued that the court had misapprehended the facts and arguments in favor of W&W’s estoppel claim. W&W framed only the third of these arguments (regarding assignment) as an argument to “reargue or renew”; the remaining branches of the motion were for leave to reargue.
The IAS court denied W&W’s motion to renew or reargue. With respect to W&W’s assignment argument, which W&W also advances on appeal, the court found that the argument was not raised earlier and could therefore not be advanced in the first instance on a motion to reargue. At any rate, the court found, “W&W cites no cases that support the notion that the Port Authority can implicitly waive sovereign immunity by accepting an assignment that does not contain express language waiving the immunity.”
The only argument that the court (as opposed to W&W) characterized as an argument to “renew” related to the time of accrual of W&W’s cause of action. The court rejected that part of the motion because W&W had not identified any material fact overlooked in rendering the prior decision, but argued only that W&W had “mistakenly and wrongfully” believed that the Port Authority had already conclusively denied payment at the time it filed the original action.
*482 Initially, we note that in section 7107 of McKinney’s Unconsolidated Laws of NY, the Port Authority grants its consent to be sued, subject to certain conditions. Those conditions include that a notice of claim must have been served upon the Port Authority at least 60 days before commencing suit, and that any action against the Port Authority must be “commenced within one year after the cause of action therefor shall have accrued.”
On appeal, W&W advances two arguments concerning its compliance with section 7107: first, W&W asserts that the Port Authority waived sovereign immunity to actions under the contract by accepting the assignment without reservation, and thus, that the one-year limitations period does not apply. Second, W&W maintains that even if the one-year limitations period does apply, the cause of action accrued on or after September 17, 2012, within one year of W&W’s filing suit.
To begin, in connection with the motion to dismiss, W&W failed to argue before the motion court that the Port Authority waived sovereign immunity. However, where a party does not allege new facts, but merely raises a legal argument that appeared upon the face of the record, we are free to consider the argument “[s]o long as the issue is determinative and the record on appeal is sufficient to permit our review” (Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]; see Chateau D’ If Corp. v City of New York, 219 AD2d 205, 209 [1996], lv denied 88 NY2d 811 [1996]). The waiver argument presents this very circumstance, and therefore, we consider W&W’s waiver argument on this appeal. Nonetheless, we reject the argument.
Although no binding case law precisely addresses the waiver issue, Trippe v Port of N.Y. Auth. (14 NY2d 119 [1964]) is instructive on the issue. Trippe did not involve a private contract, but a constitutional “takings” claim against the Port Authority. The Court of Appeals held that compliance with section 7107 is “mandatory as to all suits against the Port Authority,” and rejected the plaintiffs’ argument that the New York Constitution’s provision barring takings of private property for public use without just compensation was a fully self-executing waiver of sovereign immunity and consent to suit, so that section 7107 would not apply to takings claims (id. at 123-125).
Similarly, Oneida Indian Nation v Hunt Constr. Group, Inc. (67 AD3d 1345 [4th Dept 2009]) is also instructive on the waiver issue. In Oneida, the Fourth Department considered whether the relevant agreement, which specified that disputes “arising out of, or relating to” the contract were subject to *483 review “in a court of competent jurisdiction,” precluded judicial review of claims not seeking to enforce the terms of the contract (id. at 1346-1347). The court held that judicial review was permissible only with respect to the expressly specified set of claims — that is, claims “arising out of, or relating to” the contract (id.). Notably, the Oneida Court observed that the contract permitted review only by a court “of competent jurisdiction,” and there is no court that has jurisdiction to hear claims for which the government has not waived its sovereign immunity (id.). The phrase “of competent jurisdiction” is included in the arbitration clause of the contract at issue here.
Accordingly, we find that the Port Authority did not expressly waive its sovereign immunity with respect to assignments in general or with respect to this assignment in particular. Likewise, we find that a waiver cannot be read into the contract (see Matter of Bello v Roswell Park Cancer Inst., 5 NY3d 170, 173 [2005]).*
We turn now to the issue of when W&W’s causes of action accrued. W&W argues that its breach of contract cause of action accrued within one year of its filing suit on May 29, 2013. We reject this argument. In general, a construction contract is breached, and the resulting cause of action accrues, “upon substantial completion of the work” (Eastco Bldg. Servs., Inc. v New York City Hous. Auth., 98 AD3d 920, 920 [1st Dept 2012]). Although there is evidence that W&W completed some work at a later date, admissions in the complaint, and in the papers attached to the complaint, establish that the work was substantially completed in April 2011 — more than two years before the suit was filed. The agreement contains procedures for dispute resolution, but, contrary to W&W’s contention, the agreement does not set any additional conditions precedent to bringing suit that would require a finding that a different accrual date applies (see Phillips Constr. Co. v City of New York, 61 NY2d 949, 951 [1984]; cf. Ardsley Constr. Co. v Port of N.Y. Auth., 52 AD2d 794, 794 [1st Dept 1976]).
*484 We have considered plaintiff’s remaining contentions and find them unavailing.
Concur — Mazzarelli, J.P., Acosta, Moskowitz, Gische and Webber, JJ.

 Because the assignment argument may be considered even though it is raised for the first time on appeal, we need not consider W&W’s alternate theory that the argument may be considered because it was raised in connection with W&W’s motion to reargue and renew. But even were we to consider the latter theory, it avails W&W nothing. Despite the fact that W&W denominated the assignment argument as part of a motion for renewal, the argument was not based on “new facts” or “a change in the law,” as required for a motion to renew (CPLR 2221 [e]). As a result, W&W’s assertions regarding assignment would properly have been deemed part of a motion for re-argument, and of course, denial of a motion for reargument is not appealable (see Board of Educ. of the City Sch. Dist. of the City of N.Y. v Grullon, 117 AD3d 572, 573 [1st Dept 2014]; CPLR 5701 [a] [2] [viii]).